**In re German**

C.P. of Lehigh County, no. 2007-1060.

*Richard Orloski,* for appellant.
*Shannon Piergallini,* for appellee.

REIBMAN, *J.,* October 10, 2008—Alma Huber, sister of the incapacitated person, Geraldine Dreher German, has appealed the order entered in this matter on August 18, 2008, in which the court held Ms. German had the requisite mental capacity to revise her will and to change the named beneficiaries denoted in her assets. This memorandum opinion is filed in accordance with Pa.R.A.P. 1925(a) to set forth the reasons for the judgment from which appellant now seeks relief.

Ms. German, born on July 4, 1931, was declared an incapacitated person by decree dated October 5, 2007, and entered on October 9, 2007, upon finding by this court that she had a diminished ability to review and communicate information effectively. Accordingly, Robert Roth, Esquire, was appointed plenary guardian of her estate and the Guardianship Support Agency Inc., was appointed guardian of her person.

Several months later, and desirous of changing the beneficiary of her will, as well as the payable-on-death beneficiaries named on her assets, Ms. German, on February 29, 2008, and through counsel, filed a petition for a review hearing pursuant to 20 Pa.C.S. §5512.2. A hearing on the petition was convened on July 24, 2008.

The standard by which requisite testamentary capacity is measured has been firmly established in this Commonwealth. As the Superior Court has recently explained,

"The test for determining the existence of testamentary capacity, a quality every person *sui juris* is presumed to possess, is 'whether a man or woman has an intelligent knowledge regarding the natural objects of his bounty, the general composition of his estate, and what he desires done with it, even though his memory may have been impaired by age or disease.' *In re Brantlinger's Estate,* 418 Pa. 236, 247, 210 A.2d 246, 252 (1965)." *In re Estate of Angle,* 777 A.2d 114, 125 (Pa. Super. 2001).

In *Angle,* the court further recognized that a person may possess periods of lucidity while suffering from a prevailing condition that otherwise affects mental functioning. 777 A.2d at 123 (discussing and rejecting proposition that presence of Alzheimer's disease will ipso facto render person incapable of executing or modifying a will).

In relation to the more specific situation in which a person has been declared incapacitated and thereafter seeks to change a will, the Superior Court has instructed that a more exacting standard will be applied to a proponent of that instrument before it will be admitted into probate:

"An adjudication of mental incompetency near the date of execution of a will does not necessarily prove lack of testamentary capacity. Where a person is adjudicated a mental incompetent and thereafter executes a will, the burden is shifted to the proponent of the will to

show by clear and convincing evidence that at the time the will was made such person possessed testamentary capacity." *In re Estate of Vanoni,* 798 A.2d 203, 207 (Pa. Super. 2002).

Here, of course, no one is yet seeking to admit a will to probate. Instead, it is only a determination of whether testamentary capacity exists at the present time. In light of that distinction, it may be that a contemporaneous determination by this court of requisite capacity upon a preponderance-of-the-evidence standard will, in the absence of other evidence at the time of some future probate proceeding, suffice to satisfy the clear-and-convincing standard applicable at that later date.[1] However that interesting juridical inquiry might ultimately be resolved in some other setting, it may be dispensed with in this case because, through her demeanor and testimony adduced in support of her claim, Ms. German established by clear and convincing evidence that, as of the date of the hearing, she possessed the requisite testamentary capacity to modify her will and designate the beneficiaries named on her financial instruments.

First, in respect to her knowledge regarding the natural objects of her bounty and the general composition of her estate, she testified cogently and coherently about

---

1. In other words, if a proponent in probate can adduce evidence that the relevant orphans' court had determined *contemporaneously* that the testator possessed the requisite mental capacity at the time of execution of the will in spite of the adjudication of incapacity, the probate court would appear to be free to consider that as sufficient evidence to carry a clear-and-convincing standard in the subsequent probate proceeding, especially if no contrary evidence were proffered.

the extent of her assets, despite the fact that the guardian of her estate now manages her financial affairs. (See notes of testimony, July 24, 2008 (N.T.), at 17-19, 31, 37-40.) Testimony by Attorney Gerald Barr, who had been commissioned as the scrivener of the revised will, further bolstered that conclusion. He explained that in the course of his meeting with Ms. German on July 8, 2008, she demonstrated an accurate knowledge of her assets and was clear in her desires about how to dispose of them. (See N.T. at 6-10.)

Secondly, she was quite clear and lucid about her wish to change the manner in which her estate should be bequeathed, explaining her desire to provide for the issue of her best friend, Rosie Dorward. (N.T. at 24, 29.) By contrast, she recounted a troubled history with appellant. (N.T. at 23-28.) That unfortunate history was corroborated by Barbara Gustafson, executive director of the Guardianship Support Agency Inc., who testified that Ms. German's feelings about her sister have remained consistent since Ms. Gustafson's appointment as guardian in October 2007. (N.T. at 40-41.) Appellant offered no credible evidence at hearing to rebut that testimony.

Finally, appellant presented no credible evidence of any undue influence to support the conclusion that, in spite of Ms. German's testamentary capacity, she may have been subjected to any coercive influence so as to "overcome her free agency" and "prejudice her mind." See *Angle, supra,* 777 A.2d at 123. To the contrary, she offered succinct, if at times saddening, reasons as a basis for her desire to implement changes to her will and financial assets. (See N.T. at 23-28.)

As such, and the court having based its determination upon direct observation of Ms. German and with full opportunity to assess the credibility of all the witnesses who testified, it was apparent by clear and convincing evidence that she possessed testamentary capacity and was thus entitled to the adjudication she sought in her request for a review hearing under the Guardianship Act at 20 Pa.C.S. §5512.1.